IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CITIMORTGAGE, INC.**,

   Plaintiff,

   v.

**CHARLES PATRIC RIVERA-ANABITATE**, *et al.*,

   Defendants.

Civil No. 10-2244 (BJM)

## OPINION AND ORDER

In an amended complaint, CitiMortgage, Inc. ("CitiMortgage") brought this action against Charles Patric Rivera-Anabitate, Lilliam Santiago-Rivera, and their conjugal partnership (collectively, "defendants") to collect on a mortgage note and foreclose on the mortgaged property. Docket No. 61 ("Compl."). The parties consented to proceed before a magistrate judge. Docket No. 25. Before the court is CitiMortgage's motion for summary judgment. Docket No. 58 ("Mot."). Defendants did not file an opposition to the motion. For the reasons set out below, plaintiff's motion for summary judgment is **GRANTED**.

## BACKGROUND

This summary of the facts is guided by plaintiff's Local Rule 56 statement of uncontested facts. *See* Docket No. 58-2 ("SUF").[1]

CitiMortgage, Inc. is a corporation with its principal place of business in Missouri; defendants are residents of Humacao, Puerto Rico. Compl. ¶¶ 3–4. On May

---

[1] Local Rule 56 requires parties at summary judgment to supply brief, numbered statements of facts, supported by citations to admissible evidence. It "relieve[s] the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute," *CMI Capital Market Inv. v. González-Toro*, 520 F.3d 58, 62 (1st Cir. 2008), and prevents litigants from "shift[ing] the burden of organizing the evidence presented in a given case to the district court." *Mariani-Colón v. Dep't of Homeland Sec.*, 511 F.3d 216, 219 (1st Cir. 2007). The rule "permits the district court to treat the moving party's statement of facts as uncontested" when not properly opposed, and litigants ignore it "at their peril." *Id.*

26, 2004, defendants signed a mortgage note payable to Pan American Financial Corporation for $250,705.00, with interest at 6.5 percent per annum, due on June 1, 2034. SUF ¶ 1.  The note was secured by a property located in Humacao, described in the Spanish language as:

> URBANA: Parcela de terreno radicada en el Barrio Rio Abajo de Humacao, con un área de 1,114.42 metros cuadrados. En lindes por el Norte, con terrenos de Modesto Lebrón; por el Sur, con un camino municipal; por el Este, con un camino privado; por el Oeste con el solar numero tres (3).
>
> FINCA NUMERO: 6,973. Inscrita al folio 30 del Tomo 209 de Humacao , Registro de la Propiedad de Puerto Rico, Sección de Humacao.

SUF ¶ 3.  Defendants own in fee simple the real property described above.  SUF ¶ 4. Sometime during 2009 or 2010, defendants defaulted on their obligations under the note; and as of October 7, 2011, they still owed $238,318.91 in principal, plus accrued interest in the amount of $51,890.24 with interest due from then on until full payment of principal at a per diem rate of $42.44.  SUF ¶ 6; Docket No. 58-6.  CitiMortgage is the current holder and owner of the note.  SUF ¶ 7.  This action was filed against defendants in December 2010.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material only if it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and "[a] 'genuine' issue is one that could be resolved in favor of either party." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004).  The court does not weigh facts, but instead ascertains whether the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir. 1995).

CitiMortgage, Inc. v. Charles Patric Rivera-Anabitate, Civil No. 10-2244 (BJM)                                                3

The movant must first "inform[] the district court of the basis for its motion," and identify the record materials "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); R. 56(c)(1). If this threshold is met, the opponent "must do more than simply show that there is some metaphysical doubt as to the material facts" to avoid summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party may not prevail with mere "conclusory allegations, improbable inferences, and unsupported speculation" for any element of the claim. *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990). Still, the court draws inferences and evaluates facts "in the light most favorable to the nonmoving party," *Leary*, 58 F.3d at 751, and the court must not "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon the facts of the record." *Greenburg v. P.R. Maritime Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987).

## DISCUSSION

CitiMortgage argues, unopposed, that it is entitled to summary judgment against defendants for the forced sale of the mortgaged property. Docket No. 58. But "even an unopposed motion for summary judgment should not be granted unless the record discloses that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 13 (1st Cir. 2007).

In this diversity action, Puerto Rico law applies. Under Puerto Rico law, "obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." 31 L.P.R.A. § 2994. A mortgage is "a guarantee of a debt, which in turn is secured by a particular property." *Chicago Title Ins. Co. v. Sotomayor*, 394 F. Supp. 2d 452, 460 (D.P.R. 2005) (citing *Torres v. Fernández*, 47 D.P.R. 845, 848 (1934)). As Judge Pieras explained:

[I]t is important to distinguish between the actual debt and the mortgage.

> Any given debt can give rise to a personal action for collection of monies which may eventually be executed upon personal or any other property of the debtor. These proceedings will be filed against the debtor and the prayer for relief is limited to money. The mortgage, on the other hand, is the guarantee which gives rise to a mortgage foreclosure suit to collect from the very property that secured the debt.

*Chicago Title Ins.*, 394 F. Supp. 2d at 460.  A mortgage creditor may seek foreclosure if the debtor defaults on the payment of any principal or interest due.  *Treco, Inc. v. Marina de Palmas, Inc.*, 626 F. Supp. 335, 342 (D.P.R. 1986) (citing 30 L.P.R.A. § 2701 and 31 L.P.R.A. § 3061).  Here, it is undisputed that defendants have failed to fulfill their payment obligations under the mortgage note.  *See* Docket No. 58-6 (sworn statement of Felicia M. Simmons, CitiMortgage officer).  The note also permits the lender, upon defendants' default, to require "immediate payment in full of the principal balance remaining due and all accrued interest."  Docket No. 58-3, at 2.  The defendants also agreed to waive their right to presentment and notice of dishonor. *Id.* at 3.  Thus, there is no genuine issue of material fact as to liability and plaintiff's right to foreclose on the property and use the proceeds from its sale to satisfy the outstanding debt.

## CONCLUSION

For the foregoing reasons, CitiMortgage's motion for summary judgment is **GRANTED**, and judgment should be entered in the amount of $238,318.91, plus $51,890.24 in accrued interest, and a per diem rate of $42.44 for interest due from October 7, 2011 until the date of entry of judgment.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 26th day of February, 2014.

*S/ Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge